STATE, SAMUEL S. DAVIS, PROSECUTOR, v. D. M. OSBORNE & COMPANY.

In order to review a judgment rendered in the court for the trial of small causes which has been docketed in the Court of Common Pleas, upon the ground of illegality in the proceedings of the trial court anterior to the judgment, the writ of *certiorari*, when allowable, should be directed to the court for the trial of small causes—not to the Court of Common Pleas.

---

On *certiorari*.

Argued at June Term, 1888, before Justices DEPUE, VAN SYCKEL and DIXON.

For the prosecutor, *J. W. Wartman.*

The opinion of the court was delivered by

DIXON, J.   The object of this writ of *certiorari* is the reversal of a judgment rendered in a court for the trial of small causes.   The reasons assigned for reversal are that the plaintiffs below sued in their firm name of D. M. Osborne & Co., instead of their individual names, and that the justice rendered the judgment without evidence.   The *certiorari* was directed to the Court of Common Pleas, in which the judgment had been docketed.

This writ is not one under which the prosecutor can avail himself of the objections which he now raises.   They are not such as rendered the justice's judgment absolutely void.   The misnomer of the plaintiffs could have been cured by amendment, according to section 112 of the Small Causes Court act (*Rev., p.* 559), if objection had been made before judgment, or might have been waived by the appearance of the defendant without objection ; and instead of evidence, the justice may have had, and, indeed, seems to have thought that he had, the confession of the defendant.   The judgment, then, being valid until reversed, it was lawful to docket it, upon taking due proceedings to that end, and no objection is now made to the proceedings which were taken for that purpose ; consequently the docketing of the judgment must be considered legal, and cannot be disturbed.

In order to test the legality of the proceedings in the trial court in or antecedent to the rendering of a valid judgment, the Small Causes Court act plainly contemplates that the writ of *certiorari,* when allowable, shall issue to that court ; and section 74 expressly prevents the docketing of the judgment in the Common Pleas from interfering with "the due and proper granting of an appeal or *certiorari*" directly upon the judgment in the trial court, while sections 77 and 78 regulate the conduct of the Common Pleas and its clerk with regard to the docketed judgment, pending and on determination of such appeal or *certiorari.*   The practice thus indicated must

be pursued, when no complaint is made that the proceedings to docket are illegal or that the so-called judgment is void.

Let the writ be dismissed.