CHARLES LACOMBE, PLAINTIFF-RESPONDENT, v. LOUIS LAVAL, DEFENDANT-RELATOR.

Argued November 9, 1910—Decided April 10, 1911.

The Supreme Court will not entertain an application to grant a new trial in a case tried in a District Court, the judgment in which case has been docketed in a Court of Common Pleas and thence docketed in the Supreme Court.

On rule to show cause why a judgment should not be vacated and for further relief.

Before Justices REED, PARKER and BERGEN.

For the relator, *Ziegener & Lane.*

For the respondent, *Randolph Perkins.*

The opinion of the court was delivered by

REED, J. The relief asked for on this rule concerns a judgment entered in the Second District Court of Jersey City, which judgment was docketed first in the Hudson County

Court of Common Pleas, and thereafter in the Supreme Court.

Execution was issued upon the judgment docketed in this court under which property of the relator was levied upon.

The relator asks to be afforded relief upon the ground that the judgment in the District Court was entered against him without his interposing any defence, because he had been led to believe that the action against him had been suspended or determined.

It appears that in June, 1909, a summons was issued against Louis Laval in an action brought in the said District Court by Charles Lacombe, and that Laval placed his defence in the hands of an attorney; that this action was continued by adjournments from time to time until December 1st, 1909, when, in the absence of Laval, a judgment was entered against him. The defendant claims that he was misled into the belief that the claim had been heard and decided in an action brought in the State of New York by one Charles Lacombe against Charles Laval, as administrator of Charles Laval, deceased, to recover on a bond which seems to have been given by Charles Laval conditioned for the payment of a debt of Louis Laval. Louis Laval, the defendant, was noticed to come in and aid the defence in the New York action.

Louis Laval appeared in that city as a witness, and he thought the new suit involved the same matter as the New Jersey suit, and so paid no further attention to the action pending against him in this state, and was not aware of the judgment that had been entered in the New Jersey action until execution was levied upon his property under that judgment.

This judgment having been docketed in the Hudson County Court of Common Pleas, and that docketed judgment being afterward docketed in the Supreme Court, application is now made to have the judgment opened and a new trial granted.

The provision for docketing a judgment of the District Court in the Court of Common Pleas for that county is to be found in sections 168–177, inclusive, of the District Court act. *Pamph. L.* 1898, *p.* 618. Section 172 of that act pro-

vides that "such judgment shall * * * operate as a judg-
ment obtained in a suit originally commenced in the said
court, and satisfaction thereof may be entered in the same
and upon the same evidence as is now provided by law in the
case of judgment rendered in the Court of Common Pleas,
and execution may issue therein out of such Court of Com-
mon Pleas which shall be of the same effect as to the property
of the judgment debtor, either personal or real, as if issued on
the judgment originally obtained in such Court of Common
Pleas upon the suit commenced therein."

By section 173, as amended by the act of 1908, page 97, it
is provided that "no judgment shall be allowed to be docketed
after the granting of a new trial, an appeal or *certiorari*. In
case the judgment shall have been docketed before the grant-
ing of a new trial, an appeal or *certiorari*, no execution shall
issue therein out of the Court of Common Pleas pending the
final determination of the said proceedings." It is provided
that "in case execution has issued in the Common Pleas, in
case a new trial is granted by the District Court, no further
proceedings shall be taken on such execution, pending the de-
termination thereof."

The provision for docketing a judgment of the Court of
Common Pleas in the Supreme Court is to be found in *Gen.
Stat., p.* 1842. Sections 8, 9 and 10 of that act state what the
docketing record shall contain, and what the clerk of the
Court of Common Pleas and the clerk of the Supreme Court
shall do in respect to it. Section 11 provides that "such judg-
ment shall, from the time of such docketing in the Supreme
Court, operate as a judgment obtained in the Supreme Court,
and satisfaction thereof may be entered on the margin of the
docketing, upon the same evidence and in the same manner
as is now provided by law in case of judgment rendered in
the Supreme Court." Section 12 provides for issuing execu-
tions out of the Supreme Court after docketing, and for con-
trolling executions issued out of the inferior court before
docketing. Section 14 provides that "if the judgment of the
Court of Common Pleas shall be removed by writ of error to
the Supreme Court, before or after it is docketed, execution

shall be stayed in the Supreme Court in the same manner as it would be in the Court of Common Pleas."

The language of section 173 of the District Court act displays the legislative understanding that a judgment of the District Court, by being docketed in the Court of Common Pleas, does not cease to be under the control of the District Court.

The District Court can grant a new trial after its judgment is docketed. *Pamph. L.* 1908, *p.* 98; *Baisley* v. *Universal Drier Co.,* 32 *Vroom* 459.

The statutory provision for a new trial in the District Court impliedly excludes the view that the Court of Common Pleas has such power. While a judgment docketed in the Court of Common Pleas may be attacked in that court for an irregularity in such docketing (*Roller* v. *Roller,* 17 *Vroom* 511), yet, where the docketing is regular, proceedings to set aside the judgment must be taken in the court in which the judgment was rendered, or taken by proceedings which are addressed to that court.

It appears that the proceedings for docketing judgments in the District Court are legislative transcripts of the proceedings prescribed for docketing judgments of Courts for the Trial of Small Causes. *Gen. Stat., p.* 1879, §§ 70, 77.

In *Davis* v. *Osborne,* 22 *Vroom* 101, it was held that any order to review a judgment rendered in a justice's court, which judgment had been docketed in a Court of Common Pleas, upon the ground of illegality in the proceedings of the trial court anterior to the judgment, the writ of *certiorari* must go to the justice's court, and not to the Court of Common Pleas.

Whether, if the docketed judgment is void for any reason, such, for instance, as a failure to bring in the defendant in the trial court, such judgment could be struck from the record as a docketed judgment, need not be decided.

In the present case, process was served upon the defendant, and the judgment in respect to the procedure was entirely regular.

The present application is addressed to the equitable power

of the Supreme Court to open the judgment and grant the defendant a new trial because of his mistake respecting the effect of the New York action in terminating the present action.

Such an application could not have been successfully addressed to the Court of Common Pleas when the judgment was a docketed judgment in that court. Nor can it be recognized in this court since the judgment has been docketed here. The judgment became a judgment of the Court of Common Pleas for the purpose of securing more efficient means of satisfying the judgment debt. When once docketed in the Common Pleas, it could be docketed in this court for the same purpose. But in neither case did the docketing operate as a writ by which the judgment was transferred from the trial court to a higher court for the purpose of reviewing trial errors, or for the purpose of transferring the power over the judgment by the trial court to the superior court save in the matter of execution and the entry of satisfaction of the judgment debt.

For this reason we are of the opinion that the application must be refused.