WELCH HOLMES & CLARK CO., A CORPORATION, PLAIN-
TIFF, v. ARTHUR J. CALE, TRADING AS EDGEWATER
TEXTILE DYEING CO., DEFENDANT.

Decided October 8, 1946.

For the plaintiff, *Milton B. Levin.*

For the defendant, *Joseph A. Burns.*

JOSEPH L. SMITH, S. C. C. This matter is before the
court on a rule to show cause for dismissal of garnishment
and execution against wages as a result of an order for execu-
tion against wages made by this court on the 17th day of
May, 1946. The order for execution against wages is based on
a judgment which was recovered in the District Court of the
Fourth Judicial District of the County of Bergen and subse-
quently docketed in the Bergen County Court of Common
Pleas and in the New Jersey Supreme Court.

The defendant herein is attempting to collaterally attack
the judgment on the ground that he was never served with
process. An examination of a photostatic copy of the con-

stable's return which is made a part of the record by stipulation, shows that it is regular on its face and that service upon the defendant was personally made on March 4th, 1929.

There is no evidence whatsoever showing any irregularity in the docketing of this judgment in the Bergen County Court of Common Pleas and in the New Jersey Supreme Court. The docketing of this judgment does not operate to transfer the judgment from the trial court to a higher court for the purpose of transferring the power over the judgment by the trial court to the superior court except in the matter of execution. In *Lacombe* v. *Laval*, 81 *N. J. L.* 68 (at *p.* 71); 79 *Atl. Rep.* 607, 608, Mr. Justice Reed said:

"While a judgment docketed in the Court of Common Pleas may be attacked in that court for an irregularity in such docketing (*'Roller* v. *Roller*, 17 *Vr.* 511'), yet where the docketing is regular, proceedings to set aside the judgment must be taken in the court in which the judgment was rendered, or taken by proceedings which are addressed to that court."

An order vacating the order of garnishment and execution against wages would in effect amount to a collateral attack upon the judgment rendered in the District Court of the Fourth Judicial District of the County of Bergen under the facts in this case. This court does not have this power. See *Davis* v. *Osborne*, 51 *N. J. L.* 101; 16 *Atl. Rep.* 156, and rule No. 94 of the rules of the Supreme Court, *N. J. S. A. tit. 2.*

It is urged that the defendant in the garnishment proceeding is not the named defendant in the District Court summons. The burden is upon the defendant so to prove and I am not satisfied that he is not the same person but rather I am of the opinion he is one and the same man.

The rule to show cause will be vacated.