### DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE COUNTY OF MONMOUTH.

#### MILLARD ROSENFELD AND PAULINE ROSENFELD, PLAINTIFFS, v. ELIZABETH BAZLEY, DEFENDANT.

Decided October 21, 1946.

For the plaintiff, *Milton P. Cranmer.*

For the defendant, *Ira Katchen.*

EVANS, D. C. J.   The judgment entered in this matter was for overcharges of rent.   At the time of the trial the jurisdiction of the District Court in such actions had been established by various Supreme Court decisions. *Beasley* v. *Gottlieb,* 131 *N. J. L.* 117; 35 *Atl. Rep.* (2d) 49; *Bendit* v. *H. L. R. Holding Co.,* 131 *N. J. L.* 91; 35 *Atl. Rep.* (2d) 53; *Silberg* v. *Klarfield,* 131 *N. J. L.* 92; 35 *Atl. Rep.* (2d) 221, and *Wutkowski* v. *Paultis,* 131 *N. J. L.* 441; 37 *Atl. Rep.* (2d) 29.   The judgment was then docketed in the Common Pleas Court of Monmouth County.   Subsequent thereto the Court of Errors and Appeals in *Zuest* v. *Ingra* and *Zuest* v. *Farina,* 134 *N. J. L.* 15; 45 *Atl. Rep.* (2d) 810, determined that such an action was not within the statutory jurisdiction of the District Court.   Defendant now asks that the judgment in this cause be set aside and the proceedings dismissed, while the plaintiff asks that the matter be transferred to a proper tribunal.

The docketing of the judgment does not prohibit an application to this court to have the judgment set aside. See *N. J. S. A.* 2:32–198, and also *Lacombe* v. *Laval*, 81 *N. J. L.* 68; 79 *Atl. Rep.* 607.

The Transfer of Causes Act provides: *N. J. S. A.* 2:26–60. Causes, with records and papers, transferable. No cause or matter pending in the court of chancery, supreme court, a circuit court, a court of common pleas, a district court, a court of oyer and terminer, a court of quarter sessions or a court of special sessions shall be dismissed solely on the ground that such court is without jurisdiction of the subject-matter, either in the original suit or on appeal, but the cause or matter shall be transferred, with the record thereof and all the papers filed in the cause, to the proper court for hearing and determination. The record shall, when necessary, include a transcript of all entries and proceedings in the cause.

Defendant contends that the situation here is analogous to that in *Lunger* v. *Page*, 16 *N. J. Mis. R.* 529; 2 *Atl. Rep.* (2d) 606, in which case a writ of attachment was issued in the District Court against a non-resident executor. There it was held that the proceedings were void from the beginning; and, the court having no jurisdiction, there was nothing to transfer.

Such is not the case here. When the suit was instituted, the jurisdiction in this court was an established fact. To permit the reversal of that law by the appellate court to create a status such as defendant urges was not, in this court's opinion, the intendment of the decision. It did not say that such a cause of action did not exist, but that the District Court was not the proper tribunal. I a- ` of the opinion that the circumstances here presented are typical of those for which the Transfer of Causes Act was created. Certainly the cause is still pending here; otherwise, I would have nothing to decide; and there is a proper court for the determination of the issues on their merits.

The application to reopen will be granted, and the cause will be transferred to the Monmouth County Circuit Court.